HAMPTON DODGE, Respondent, *v.* HENRY WEILL, Appellant.

*Commissions on the purchase of real estate — burden of proof.*

In an action brought to recover the amount of certain commissions alleged to have been earned by the plaintiff, under a special contract with the defendant by which the defendant agreed to pay him a certain percentage of the purchase price of all lands, the sale of which to the defendant should be procured by the plaintiff, the burden of proof is upon the plaintiff to establish the performance upon his part of the alleged contract.

APPEAL by the defendant, Henry Weill, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 26th day of September, 1893, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 6th day of September, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Moses Shire*, for the appellant.

*S. S. Rogers*, for the respondent.

DWIGHT, P. J.:

The action was to recover the amount of certain commissions alleged to have been earned by the plaintiff under a special contract with the defendant to pay him two and one-half per centum of the purchase price of all lands, the sale of which to the defendant should be procured by the plaintiff.

The question presented by this appeal is purely a question of fact, upon which the verdict of the jury was, as we think, so far contrary to the just effect of the evidence as to have justified the granting of the defendant's motion for a new trial at the Circuit, even though that question was properly submitted to the jury. (*Colt* v. *Sixth Ave. R. R. Co.*, 49 N. Y. 671; *Smith* v. *Ætna Life Ins. Co.*, Id. 211; *Kaare* v. *Troy S. & I. Co.*, 139 id. 369.)

The plaintiff's theory of the contract, under the circumstances of the case, was such as to suggest a careful scrutiny of the testimony bearing upon the question of its performance by the plaintiff. The latter is the question upon which, as we think, the testimony, as it stands in the record before us, fails to support, to the full extent, the verdict which was rendered. On this question the testimony of each of the parties to the action is directly opposed to that of the other, and at the same time the testimony of several of the vendors in the contracts of sale, alleged to have been procured through the agency of the plaintiff, not only fails to support, but, on the other hand, directly contradicts his testimony in that behalf. Upon this question, material to the plaintiff's recovery, the burden of proof, which was upon him, was, plainly, not successfully borne in respect to several of the items embraced in the verdict, and for that reason the motion for a new trial should have been granted.

There was, besides, evidence received in the case under the objection of the defendant, to which there is reason to apprehend that undue weight and effect was given. The defendant, when on his cross-examination, was subjected to the inquiry as to what profits he finally made on sales of the several pieces of land for the purchase of which commissions were claimed. The questions were objected to generally, without specifying any ground of objection. The evidence was clearly impertinent to the question which was litigated on the trial. Its apparent object and probable effect was to create the impression in the minds of the jury that the defendant could well afford to make a small dividend of profits to the plaintiff. It is true that the complaint in the action in stating the alleged oral contract of the defendant adds to the allegation of an agreement to pay commissions the following : " And that if such purchases turned out well that plaintiff should have a handsome percentage on the profits besides." But when a bill of particulars of the plaintiff's claim was demanded and supplied, there was no mention of any claim for a share of the profits ; when the plaintiff had the case no evidence was given or proposed in support of such a claim, and when the case was submitted to the jury this partial allegation was equally disregarded. It must be understood, therefore, that the cause was not tried upon the theory that there was any such issue in the case, and if the evidence in question had been objected to on the ground that the claim was not in the bill of particulars, its admission would certainly have been error. If its admission now escapes that condemnation the evidence itself does not escape animadversion as having probably tended to create an unfair prejudice in the minds of the jury and to produce a verdict, to some extent at least, against the just weight of the evidence in the case.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.